**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Angel Alberto Garcia, | ) | No. CV-07-999-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Qwest Corporation, a corporation, | ) | |
| Defendant. | ) | |

        This case is before the Court on Defendant Qwest Corporation's ("Qwest") Rule 26(a)(3), FED.R.CIV.P., Objections, filed on May 30, 2008, due to Plaintiff's failure to disclose any witnesses or exhibits that Plaintiff may rely upon at trial. (docket # 39) The Court deems Defendant's Objections as a motion to preclude Plaintiff from calling witnesses and using exhibits in response to a dispositive motion or at trial.

        Since the filing of Defendant's Objections/motion to preclude over two months ago, Plaintiff has not filed either a response thereto or a list of witnesses and exhibits, even an untimely one, that Plaintiff may call or use at trial. Defendant seeks "appropriate sanctions pursuant to Fed.R.Civ.P. 37(c)." *Id*. at 2. On July 21, 2008, Defendant moved for summary judgment. (docket # 40) This order will address Qwest's motion to preclude Plaintiff from calling witnesses and using exhibits in response to Qwest's Motion for Summary Judgment or at trial. The Court will rule on Qwest's pending Motion for Summary Judgment in a separate order.

1  On September 2, 2008, the Court ordered *pro se* Plaintiff to "show cause 2 in writing . . . why this Court should not sustain Defendant's Objection, docket # 39, and 3 enter an order precluding Plaintiff from calling any witnesses other than himself and using 4 any exhibits at trial, if there is one, or in response to Defendant's Motion for Summary 5 Judgment for not complying with this Court's October 23, 2007 Order, docket # 34, that 6 Plaintiff disclose his witnesses and exhibits by May 16, 2008." (docket # 45)  Again, 7 Plaintiff has not filed a response to the Court's Order to Show Cause.

8  The Court's file reflects that as early as May 22, 2007, only 5 days after 9 filing his Complaint, Plaintiff was warned that as a *pro se* litigant, he "must become 10 familiar, and comply, with the Rules of Civil Procedure and the Local Rules of Practice for 11 the District Court for the District of Arizona." (docket # 4 at 3)  In its June 8, 2007 Order, 12 Plaintiff was warned "of the difficulties in representing himself and the disadvantages 13 Plaintiff will have in litigation against a lawyer" and the Court specifically identified various 14 local programs or places where he might find a lawyer to assist him or take his case. (docket 15 # 9 at 2)

16  On October 23, 2007, when the Court held the Rule 16 scheduling 17 conference that Plaintiff physically attended, the Court advised Plaintiff that the Court could 18 not assist him in this litigation and reiterated that he must abide by the District Court's 19 various rules.  (docket # 34 at 2).  In the Rule 16 Scheduling Order, the Court ordered 20 "[d]isclosure of all known witnesses, exhibits and other matters under Rule 26(a)(3), 21 Fed.R.Civ. P. and supplementation of all discovery pursuant to Rule 26(e), Fed.R.Civ. P., by 22 **May 16, 2008**." *Id*. (emphasis in original).  Both parties were warned that "[t]hese **deadlines** 23 **are real**" and failure to timely disclose or supplement their witnesses and exhibits "may 24 result in the exclusion of such evidence at trial or the imposition of other sanctions." *Id*. at 3 25 and 4, n. 2 (emphasis in original).

26  Qwest's Reply indicates, and the file confirms, that Qwest timely filed its 27 disclosures on May 16, 2008, identifying its potential witnesses and exhibits in this case. 28 (docket # 48 at 1)  To demonstrate the prejudice to Qwest of Plaintiff's non-compliance,

- 2 -

1  Qwest contends that "Plaintiff's failure to disclose such items in compliance with
2  Fed.R.Civ.P. 26(a)(3) unfairly prejudices Defendant in its preparation for trial as Qwest is
3  unable to sufficiently anticipate and prepare for Plaintiff's prosecution of his claims." *Id*. at
4  2, ¶ 8.

## GOVERNING LAW ON DISCLOSURES

The deadlines for disclosures under Federal Rule of Civil Procedure 26 and others in a scheduling order are "to be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985) (A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."). "Timely and careful compliance with the requirements of Rule 26(a)[] is essential, both as a matter of fairness to litigants and as a matter of orderly procedure during the series of interdependent scheduled events which occur in the final phases of discovery, motion work and trial preparation." *Dixie Steel Erectors, Inc. v. Grove U.S., L.L.C.*, 2005 WL 3558663, * 2 (W.D. Okla. 2005).

Federal Rule of Civil Procedure 26(a) mandates early disclosure of the parties' intended trial witnesses and exhibits. *Sarantis v. ADP, Inc*., 2008 WL 4057007, * 5 (D. Ariz. 2008). Pursuant to Rule 26(a)(3)(A), a party must provide to all other parties the following information, among others, regarding the evidence that it may present at trial other than those solely for impeachment: (1) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, and (2) an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises. Rule 26, however, does not require the disclosure of evidence used solely for impeachment purposes. Fed.R.Civ.P. 37(c) Advisory Committee's Note (1993); *Wegener v. Johnson*, 527 F.3d 687, 691 (8th Cir. 2008).

Both Rule 26(a)(3)(B) and Rule 26(e)(1) require all parties to disclose their trial witnesses and exhibits and supplement their prior disclosures and discovery 30 days

before trial "[u]nless the court orders otherwise[.]" *Sarantis*, 2008 WL 4057007 at * 6; *Evenflow Plumbing Co., Inc. v. Pacific Bell Directory*, 2005 WL 954469, * 1-2 (N.D. Cal. 2005) (counsel's failure to timely supplement expert witness' opinion on lost profits resulted in preclusion at trial of expert's supplemental opinion and related exhibits); *Wegener*, 527 F.3d at 691 (expert witness' supplemental opinion precluded at trial "because it [was] not impeachment evidence of the kind exempted from disclosure [under Rule 26(a)(2)]. Impeachment is 'an attack on the credibility of a witness.' ") (citation omitted).

Federal Rule of Civil Procedure 37(c)(1)[1] "gives teeth" to these disclosure requirements by authorizing the imposition of sanctions as this Rule "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches" of the discovery rules and court-ordered Rule 16 deadlines. *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 191 (1st Cir. 2006) (citations omitted). The sanctions to be imposed under Rule 37(c)(1) have been described as "self-executing" and "automatic." Fed.R.Civ.P. 37 Advisory Committee's Note (1993); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Colbert v. City of Nevada City*, 2007 WL 3010424, * 1 (E.D. Cal. 2007). "Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules[]" as a precondition before imposing sanctions. *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) (district court's preclusion of supplemental opinion affirmed where plaintiff failed to timely disclose his expert's supplemental opinion). "The range of sanctions provided in Rule 37(c), from the most harsh (total exclusion and dismissal of the case) to more moderate (limited exclusion and attorney's fees), gives the district court leeway to best match the degree of

---

[1] Rule 37(c)(1) provides, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a *motion*, at a hearing, or at a *trial*, unless the failure was *substantially justified* or is *harmless*.

Fed.R.Civ.P 37(c)(1) (emphasis added).

- 4 -

non-compliance with the purpose of Rule 26's mandatory disclosure requirements." *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Benefi-ciencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001).

Two exceptions ameliorate the harshness of Rule 37(c) (1):  witnesses may be called or exhibits may be introduced in response to a dispositive motion or at trial if the party's failure to disclose the required information was substantially justified or is harmless. *Yeti*, 259 F.3d at 1106. The burden to prove substantial justification or harmlessness is on the party facing sanctions. *Id*. at 1107; *Northwest Pipeline Corp. v. Ross*, 2008 WL 1744617, * 9 (W.D. Wash. 2008).  The district court has wide latitude in exercising its discretion to issue sanctions under Rule 37(c)(1). *Yeti*, at 1106 (citing with approval *Ortiz-Lopez*, 248 F.3d at 34 (holding that district courts have broad discretion in meting out Rule 37(c) sanctions for Rule 26 violations).

"For purposes of Rule 37(c)(1), a party's failure to disclose is substantially justified where the non-moving party has a reasonable basis in law and fact, and where there exists a genuine dispute concerning compliance. *Strozier v. U.S. Postal Service*, 2005 WL 2141709, * 4 (D. Colo. 2005) (citing *Nguyen v. IBP, Inc*., 162 F.R.D. 675, 680 (D. Kan. 1995)).  "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Id*.

**DISCUSSION**

The fact that Plaintiff is not law-trained or is not represented by counsel do not constitute substantial justification for his failure to comply with the Court's October 23, 2007 Scheduling Order, the Rules of Civil Procedure or ignoring the Court's Order to Show Cause. The Court made it patently clear to Plaintiff, both in writing and orally at the Rule 16 scheduling conference, that federal judges may not "explain the details of federal procedure or act as the *pro se's* counsel [because it] would undermine [a federal] judge['s] role as [an] impartial decisionmaker[,]" *Pliler v. Ford*, 542 U.S. 225, 226-227 (2004), and that a "*pro se* litigant[] must abide by the rules of the court in which he litigates. *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986)." (docket # 34 at 1-2) (internal

quotation marks omitted)

This Court is cognizant of the special latitude given to *pro se* litigants. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir.1987). This is not, however, an issue of holding "*pro se* pleadings to a less stringent standard than formal pleadings prepared by lawyers[.]" *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.1986) Plaintiff's *pro se* status does not permit him to disregard the judicial process as he chooses. The Ninth Circuit has made clear that a *pro se* litigant must "abide by the rules of the court in which he litigates." *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (citing *Carter*, 784 F.2d at 1008). Significantly, all litigants, including *pro ses*, have an obligation to comply with court orders. *Jamerson v. Brown*, 1999 WL 782446, * 3 (N.D. Cal. 1999) (citing *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[w]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions.")).

Reopening discovery is not an acceptable option to cure Plaintiff's total failure to comply with the Court's Rule 16 scheduling order. Such a "sanction" would render Rule 37 toothless and would be inconsistent with Rule 1, FED.R.CIV.P. ("These rules . . . shall be construed and administered to secure the just, *speedy*, and *inexpensive* determination of every action."). As the district court in *Saudi v. Valmet- Appleton, Inc.*, 219 F.R.D. 128, 134 (E.D. Wis. 2003) explained: "If [defendant's] inability to conduct necessary discovery or prepare to respond to witnesses could be remedied by the Court simply shrugging its metaphorical shoulders and pushing back deadlines several months, the harsh remedy provided by Rule 37(c) might be avoided. But, if the Court were to follow [this] logic, the Court could never impose a Rule 37(c) sanction.").

Secondly, as one of the busiest district courts in the United States, "[i]f parties were allowed to disregard the Court's orders and the deadlines and requirements they establish, management of the Court's docket would quickly become impossible." *Bodley v. Macayo Restaurants, L.L.C.*, 2008 WL 2039277, * 5 (D. Ariz. 2008).

1 　　　　　Thirdly, an award of monetary sanctions against Plaintiff to reimburse
2 Qwest for its attorney's fees incurred for filing the subject motion are not an meaningful
3 sanction because Plaintiff was granted *in forma pauperis* status early on in this case. (docket
4 # 5) Thus, an award for Qwest's attorney's fees are not likely collectible.

5 　　　　　If  Plaintiff had contacted Defendant's counsel and proffered a valid reason
6 for not providing his list of witnesses and exhibits or explained the circumstances that may
7 have prevented him from doing so, the parties could have potentially reached an agreement.
8 However, instead of trying to resolve the matter without court intervention, as required by the
9 Local Rules, Plaintiff totally disregarded the Scheduling Order and Defendant's Rule
10 26(a)(3), FED.R.CIV.P., Objections, filed on May 30, 2008, and flagrantly ignored the Court's
11 Order to Show Cause, all of which were mailed to Plaintiff's record address.

12 　　　　　In short, Defendant has been deprived of the opportunity to depose, evaluate,
13 and file motions concerning the witnesses and exhibits Plaintiff may have intended to use at
14 trial. Such an effect is not harmless as trials are not intended to be ambushes, especially for
15 those who have complied with all the Court's orders and deadlines.  Plaintiff had actual and
16 "proper notice" of the Rule 16 deadlines, that they are real and would be enforced by the
17 Court. *Fonseca v. Sysco Food Services*, 374 F.3d 840, 846 (9th Cir. 2004); *Garaux v. Pulley*,
18 739 F.2d 437, 439 (9th Cir. 1984).  Plaintiff has not met his burden of showing substantial
19 justification for his failure to disclose his witnesses and exhibits. The Court finds that there is
20 no substantial justification for the Plaintiff's utter failure to comply with Rules 26(a)(3)(B)
21 and 26(e)(1).

22 　　　　　In accordance with Rule 37(c)(1), FED.R.CIV.P., the Court holds that except
23 for true impeachment witnesses and exhibits, Plaintiff may not use or call (1) any witness
24 other than himself, and (2) any exhibit not previously disclosed to Defendant before May 16,
25 2008 in responding to Defendant's Motion for Summary Judgment or at trial. *E.E.O.C. v.*
26 *Lennar Homes of Arizona, Inc*., 2006 WL 1734594 (D. Ariz. 2006) (under Rule 37(c)(1),
27 expert witness was not be permitted to testify as a damages witness at trial due to untimely
28 disclosure).

1   Accordingly,

2   **IT IS ORDERED** that Defendant Qwest's Rule 26(a)(3), FED.R.CIV.P.,
3   Objections, docket # 39, deemed a motion to preclude Plaintiff from calling witnesses and
4   using exhibits in response to Qwest's Motion for Summary Judgment or at trial is
5   **GRANTED**.  Except for true impeachment witnesses and exhibits, Plaintiff is hereby
6   precluded from using or calling (1) any witness other than himself, and (2) any exhibit not
7   previously disclosed to Defendant before May 16, 2008 in responding to Defendant's Motion
8   for Summary Judgment or at trial.

9   DATED this 2nd day of October, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge